# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

_____

WOLVERINE WORLD WIDE, INC., a Delaware
corporation, and HUSH PUPPIES CANADA
FOOTWEAR, LTD., a Quebec corporation,

      Plaintiffs,

v

WOLVERINE CANADA, INC., a Canadian
corporation, RICHARD HUNT, an individual,
MIKE DYON, an individual, and PAUL DYON, an
individual.

      Defendants.

Case No: 1:07-cv-00391

**Hon. Paul L. Maloney**

**JOINT PRE-TRIAL ORDER**

---

| | |
|---|---|
| Douglas A. Dozeman<br>Scott R. Carvo<br>Warner Norcross & Judd LLP<br>900 Fifth Third Center<br>111 Lyon, NW<br>Grand Rapids, MI 49503-2487<br>616-752-2000<br>Attorneys for Plaintiffs | Michelle L. Merola<br>Julia M. Hilliker<br>Hodgson Russ LLP<br>Suite 100 Guaranty Building<br>140 Pearl Street<br>Buffalo, NY 14202-4040<br>716-856-4000<br>Attorneys for Defendants<br><br>Rock A. Wood<br>Dickinson Wright PLLC<br>Suite 900<br>200 Ottawa Avenue, NW<br>Grand Rapids, MI 49503-2427<br>616-336-1041<br>Local Counsel for Defendants |

---

A final pretrial conference will be held on the 17th of August, 2009. Appearing for the parties as counsel will be:

    **For Plaintiffs**:    Douglas A. Dozeman
                          Scott R. Carvo
                          Warner Norcross & Judd LLP
                          900 Fifth Third Center
                          111 Lyon, NW

                Grand Rapids, MI 49503-2487
                616-752-2000

**For Defendants:**    Michelle L. Merola
                Julia M. Hilliker
                Hodgson Russ LLP
                Suite 100 Guaranty Building
                140 Pearl Street
                Buffalo, NY 14202-4040
                716-856-4000

**1)**     **<u>Exhibits</u>:**

    A.    <u>Plaintiffs' Exhibits:</u>  The attached **Exhibit 1** is a list of Plaintiffs' proposed exhibits, along with Defendants' objections thereto.

    B.    <u>Defendants' Exhibits</u>:  The attached **Exhibit 2** is a list of Defendants' proposed exhibits, along with Plaintiffs' objections thereto.

    C.    Exhibits 1 and 2 do not include exhibits expected to be used solely for impeachment/rebuttal purposes.

          The parties are hopeful that stipulations can be reached on several exhibits/objections in advance of trial. For that reason, the parties reserve the right to file an amended final pre-trial order.

    D.    The parties understand that failure to list an exhibit required to be listed by this Order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. The parties also understand that objections not contained in the Pretrial Order, other than objections under Federal Rules of Evidence 402 or 403, shall be deemed waived except for good cause shown.

    E.    The parties agree that demonstrative exhibits will be exchanged 72 hours before they are used. The parties expressly agree to reserve all objections until demonstrative exhibits are exchanged.

**2)**     **<u>Uncontroverted Facts</u>:** The parties have agreed that the following may be accepted as established facts:

    a.    On March 1, 1994, Plaintiff Wolverine World Wide, Inc. and Defendant Wolverine Canada, Inc. executed a Distribution Agreement that covers CAT brand footwear.

    b.       On January 1, 1999, Plaintiff Wolverine World Wide, Inc. and Defendant Wolverine Canada, Inc. executed a License Agreement that covers Wolverine brand footwear.

    c.       On December 16, 2004, the parties executed a Termination and Asset Purchase Agreement ("TAP Agreement").

**3)**    **<u>Controverted Facts and Unresolved Issues:</u>** The factual issues remaining to be determined and issues of law for the Court's determination are:

<u>Plaintiffs' Issues:</u>

    a.       Are Plaintiffs entitled to a purchase price reduction under section 10 of the TAP Agreement due to the fact that customer purchase orders that were "firm orders" fell below the specified benchmark of 65%?

              **Note:** Plaintiffs have filed a motion for partial summary judgment related to this issue, which is still pending before the Court (Docket No. 91-2.)

    b.       Are Plaintiffs entitled to a purchase price reduction under section 10 of the TAP Agreement due to the fact that the actual shipments in the first six months of 2005 failed to meet the specified benchmark of $7.5 million?

              **Note:** Plaintiffs have filed a motion for partial summary judgment related to this issue, which is still pending before the Court (Docket No. 91-2.)

    c.       Did Defendants breach section 9 of the TAP Agreement by failing to take responsibility for the claims, product returns, credits and deductions for footwear sales made prior to January 4, 2005?

              **Note:** Plaintiffs have filed a motion for partial summary judgment related to this issue, which is still pending before the Court (Docket No. 91-2.)

    d.       Is Plaintiff Wolverine World Wide liable for product quality under the Distribution Agreement, as alleged in Defendants' first counterclaim, when the Distribution Agreement expressly provides that Plaintiff Wolverine World Wide has "no liability, responsibility or exposure for . . . an Authorized Manufacturer's performance or non-performance"?

> **Note:** Plaintiff Wolverine World Wide has filed a motion for partial summary judgment on liability related to this issue, which is still pending before the Court (Docket No. 91-2.)

e. Did Plaintiffs breach the TAP Agreement by failing to pay a holdback amount when section 4 (b) of the agreement provides that the holdback may be used to facilitate financial adjustments and to satisfy other obligations. Plaintiffs' issues in Sections 3(a) – (c) address Plaintiffs' claims for amounts owed under the Agreement.

<u>Defendants' Issues:</u>

a. Are Plaintiffs liable to Defendants for any Confines footwear claims made prior to the closing of the TAP Agreement?

> **Note:** Defendants have filed a motion for summary judgment related to this issue, which is still pending before the Court (Docket No. 90-49.)

b. Whether plaintiffs' claims for damages arising out of the shipping purchase price reduction (Section 10(d) of the TAP Agreement) must be dismissed as a result of plaintiff's failure to meet their burden of proof.

> **Note:** Defendants have filed a motion for summary judgment related to this issue, which is still pending before the Court (Docket No. 90-49.)

c. Whether plaintiffs' claims for damages arising out of credits given for Debit Notes 2008301 (WWW819), 2003559 (WWW820) and, 2008300 (WWW825) must be dismissed in accordance with Section 9(f) of the TAP Agreement.

> **Note:** Defendants have filed a motion for summary judgment related to this issue, which is still pending before the Court (Docket No. 90-49.)

d. Whether plaintiffs owe defendants a holdback amount equal to ten percent of all purchase price payments as required under Section 4(d) of the TAP Agreement.

> **Note:** Defendants have filed a motion for summary judgment related to this issue, which is still pending before the Court (Docket No. 90-49.)

e. Whether plaintiffs owe defendants payments for inventory and operating expenses.

   **Note:** Defendants have filed a motion for summary judgment related to this issue, which is still pending before the Court (Docket No. 90-49.)

f. Whether Wolverine breached its fiduciary duty to WCI by negotiating a final settlement with Golden Chang without conferring with WCI and is therefore liable for damages.

   **Note:** Defendants have filed a motion for summary judgment related to this issue, which is still pending before the Court (Docket No. 90-49.)

**4) Witnesses:**

a. Non-expert witnesses to be called by the Plaintiffs and Defendants, except those who may be called for impeachment/rebuttal purposes only, are:

   i) *Plaintiffs' Witnesses*:

| **Witness** | **Objections** |
|---|---|
| **WILL CALL**: | |
| James Zwiers<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony | |
| Dennis Robinson<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony | |
| Jim Musial<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony | |

| | |
|---|---|
| **MAY CALL**: | |
| Dave Coughlin<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony | |
| Auby Paikin<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony | |
| John Burch<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony | |

ii) *Defendants' Witnesses*:

| Witness | Objections |
|---|---|
| Rich Hunt<br>The Olde Shoe House Ltd<br>3375 North Service Road #C7<br>Burlington, Ontario L7N 3G2 Canada<br>Phone: 905-637-7747<br>In person testimony; will be called | |
| Robin Franklin<br>The Olde Shoe House Ltd<br>3375 North Service Road #C7<br>Burlington, Ontario L7N 3G2 Canada<br>Phone: 905-637-7747<br>In person testimony; will be called | |
| Peter DeBlock<br>The Olde Shoe House Ltd<br>3375 North Service Road #C7<br>Burlington, Ontario L7N 3G2 Canada<br>Phone: 905-637-7747<br>In person testimony; will be called | |

| | |
|---|---|
| Dave Coughlin<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony; will be called | |
| Auby Paikin<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony; will be called | |
| John Burch<br>9341 Courtland Drive N.E.<br>Rockford, MI 49351<br>Phone: (616) 866-5500<br>In person testimony; will be called | |

      b.      Expert witnesses to be called by the Plaintiffs and Defendants, except those who may be called for impeachment/rebuttal purposes only, are:

            i)      *Defendants' Witnesses*:

| **Witness** | **Objections** |
|---|---|
| Kelly Besaw, CPA, CVA<br>Chiampou Travis Besaw & Kershner LLP<br>45 Bryant Woods North<br>Amherst, New York 14228<br><br>Mr. Besaw is a certified public accountant and a certified valuations analyst with over fifteen years of experience. He has previously been qualified as an expert in federal court. Mr. Besaw will offer his expert opinion on the following topics: (a) plaintiffs' failure to properly calculate the shipments in relation to the shipment purchase price reduction; and, (b) the lack of any documentation as to when the products contained in the July 2005 Debit Notes were sold. Based upon those evaluations, Mr. | Plaintiffs have filed a motion to strike the expert report and to prevent Mr. Besaw from testifying in this matter because his report was untimely disclosed and his opinions have no basis in his expertise and are merely contract interpretations. Defendants oppose this motion. |

| | |
|---|---|
| Besaw will testify that under the TAP Agreement plaintiffs are not entitled to a shipping purchase price reduction and plaintiffs are not entitled to recover for the credits listed in Debit Notes 2008301 (WWW819), 2003559 (WWW820) and, 2008300 in the amount of (WWW825). | |

iii) It is understood that, except upon showing of good cause, no witness who name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment or rebuttal, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

**5)** **Depositions and Other Discovery Documents:**

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the Plaintiffs include:

A. Defendants' Response to Plaintiffs' First Set of Interrogatories, numbers 1, 3, 4, 5 and 8, along with all supplements thereto.

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the Defendants include:

A. Defendants' first interrogatories, dated July 23, 2008.

B. Defendants' first request for production, dated July 23, 2008.

C. Defendants' response to plaintiffs' first set of interrogatories and requests to produce, dated July 31, 2008.

D. Defendants' second request for production, dated August 15, 2008.

E. Plaintiff's answers to defendants' first interrogatories, dated August 25, 2008.

F. Plaintiffs' responses to defendants' requests for production, August 25, 2008.

G. Defendants' third request for production, dated October 20, 2008.

H. Defendants' second interrogatories, dated November 10, 2008.

I. Defendants' third interrogatories, dated November 21, 2008.

J. Plaintiffs' answers to defendants' second interrogatories, dated December 10, 2008.

K. Plaintiffs' response to defendants' second interrogatories, dated December 10, 2008.

L. Defendants' fourth interrogatories, dated February 20, 2009.

M. Defendants' fourth request for production, dated February 20, 2009.

N. Deposition of Donald Yung, dated February 27, 2009.

O. Defendants' supplemental expert disclosure, dated February 27, 2009.

P. Plaintiffs' response to defendants' first interrogatories, dated March 23, 2009.

Plaintiffs object to the designation of the deposition of Donald Yung because Defendants have failed to specify the relevant portion of the deposition transcript they intend to present at trial. If Defendants remedy this, Plaintiffs reserve the right to make counter designations.

In addition, Plaintiffs object to Defendants' designation of discovery responses because Defendant have failed to specify the specific discovery requests and responses they intend to present at trial. If Defendants remedy this, Plaintiffs reserve the right to make counter designations.

**6) Length of Trial**: Plaintiffs' counsel estimates the trial will last approximately 5 days, total, allocated as follows: two days for Plaintiff's case; two days for Defendant's case; and one day for jury selection and voir dire, opening statements, closing statements, and other procedural issues.

Defendants' counsel estimates that trial will last approximately 6 days allocated as follows: 2 days for plaintiffs' case, 3 days for defendants' case, and 1 day for jury selection, opening and closing statements, and reading of the jury instructions.

**7) Prospects of Settlement**: The status of settlement negotiations is: the parties conducted a settlement conference with Judge Carmody in July of 2009. This settlement conference was unsuccessful. The parties are hopeful that settlement discussions can resume once a decision on the pending summary judgment motions has been issued.

Respectfully submitted,

| | |
|---|---|
| **WARNER NORCROSS & JUDD LLP** | **HODGSON RUSS LLP** |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| | |
| By: /s Scott R. Carvo | By: /s Julia M. Hilliker |
|     Douglas A. Dozeman |     Michelle L. Merola (admission pending) |
|     Scott R. Carvo |     Julia M. Hilliker |
| 900 Fifth Third Center | The Guaranty Building |
| 111 Lyon Street, N.W. | 140 Pearl Street, Suite 100 |
| Grand Rapids, Michigan 49503 | Buffalo, New York 14202-4040 |
| (616) 752-2000 | (716) 856-4000 |

IT IS SO ORDERED.

Dated: August 17, 2009

/s/ Paul L. Maloney

Honorable Paul L. Maloney
United States District Judge

1695141-2

POST-FINAL PRE-TRIAL ORDERS:

1. Answers to all pending Motions (other than dispositive motions) will be filed by 5:00 PM August 24, 2009.

2. Evidence Summaries will be exchanged three business days before trial.

3. Proposed Voir Dire, Trial Briefs, Jury Instructions (Joint) to be filed 7 calendar days before trial.

4. Eight Jurors will be seated. One additional pre-emptory per side.

5. Plaintiff will advise of status of "may call" witnesses 48 hours after issuance of Summary Judgment orders.